**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | NOT FOR PUBLICATION |
| SHEENA CAMEAU, | Chapter 13 |
| Debtor. | Case No. 26-10375 (JPM) |

**MEMORANDUM OPINION AND ORDER GRANTING THE**
**DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

**I.      INTRODUCTION**

This matter arises from the Chapter 13 case of *pro se* debtor Sheena Cameau (the

"**Debtor**").  Before the Court is the Debtor's Motion to Extend Automatic Stay (the "**Motion**"),

dated February 23, 2026.  (Dkt. No. 7).  On March 17, 2026, creditor Shorehaven Homeowners

Association, Inc. ("**SHOA**") filed an objection to the Motion (the "**Objection**").  (Dkt. No. 17).

On March 19, 2026, the Debtor filed a supplemental declaration in support of the Motion.  (Dkt.

No. 20).  The Court held a hearing on April 23, 2026 (the "**Hearing**").

On April 27, 2026, the Court entered an order directing supplemental briefing.  (Dkt. No.

37).  The Debtor filed a supplemental brief on April 29, 2026 (the "**Supplemental Brief**").  (Dkt.

No. 40).  SHOA filed a response to the Supplemental Brief on May 5, 2026 (the "**Response**").

(Dkt. No. 43).  The Debtor replied on May 11, 2026 (the "**Reply**").  (Dkt. No. 44).

Having reviewed the parties' submissions, the arguments presented at the Hearing, and the

record as a whole, the Court finds that the Debtor has met her burden to extend the automatic stay.

For the reasons below, the Motion is **GRANTED**.

1

## II.    **BACKGROUND**

The Debtor is a repeat filer with one prior bankruptcy case dismissed within the year before this case was filed.  On June 9, 2025, the Debtor filed a Chapter 13 case in this District.  (*See* Case No. 25-11285 (PB)) (the "**Prior Case**").  That case was dismissed on August 27, 2025, for failure to timely file basic disclosures, schedules, and other documents required by 11 U.S.C. § 521(i).  The Prior Case was closed on September 4, 2025.

On February 23, 2026, the Debtor filed the present Chapter 13 case.  That same day, she filed the Motion seeking extension of the automatic stay. (Dkt. No. 7).  Because the Debtor had a prior Chapter 13 case dismissed within one year before the present case was filed, the automatic stay is limited to 30 days unless extended under 11 U.S.C. § 362(c)(3).  (*Id*.).  The Debtor argues that an extension is warranted because, unlike in the Prior Case, she has prosecuted this case in good faith by curing all filing deficiencies. (*Id*.).  The Debtor further represents that she now has stable income sufficient to comply with her obligations as a Chapter 13 debtor. (*Id*.).

On March 17, 2026, SHOA filed the Objection.  (Dkt. No. 17).  SHOA contends that § 362(c)(3)(A) creates a presumption that the present case was filed in bad faith and that the Debtor has failed to rebut that presumption.  SHOA relies principally on four grounds.  First, SHOA asserts that, on January 7, 2025, SHOA obtained a state court judgment determining that the Debtor owed $49,446.68 in unpaid common charges as of May 7, 2024, and authorizing a foreclosure sale of the Debtor's residential property. (*Id*. ¶ 7).  Second, SHOA argues that the Prior Case was filed on the eve of foreclosure and was automatically dismissed under 11 U.S.C. § 521(i), demonstrating the Debtor's lack of diligence and failure to comply with basic Chapter 13 requirements. (*Id*. ¶¶ 8-10).  Third, SHOA asserts that, after dismissal of the Prior Case, it scheduled another foreclosure sale, and that the Debtor again filed bankruptcy on February 23, 2026 to frustrate SHOA's efforts

2

to exercise its foreclosure rights under state law. (*Id*. ¶¶ 10-12). Fourth, SHOA argues that the Debtor has failed to show a material change in circumstances since the dismissal of the Prior Case. (*Id*. ¶¶ 13-15).

Additionally, SHOA argues that the Debtor's proposed Chapter 13 plan is facially infeasible. According to SHOA, the Debtor's schedules reflect a monthly net income of $851.00, while the plan proposes monthly payments of $1,450.00 for 60 months. (*Id*. ¶¶ 18-20). SHOA contends that the Debtor has not explained how she intends to fund the resulting $599.00 monthly shortfall. (*Id*.).

On April 29, 2026, the Debtor filed the Supplemental Brief. (Dkt. No. 40). The Debtor argues that, contrary to SHOA's position, the Prior Case "was dismissed due to procedural issues and not due to bad faith conduct." (*Id*.). She represents that, since refiling, she has complied with all Chapter 13 obligations, including attending the § 341 meeting of creditors and curing filing deficiencies. (*Id*.). As to SHOA's feasibility objection, the Debtor states that she is "actively addressing this issue" by attempting to "refinanc[e] [the] property," and attaches a refinancing application as support. (*Id*. Ex. C). According to the Debtor, the property has an estimated value of $479,000.00, while SHOA's asserted lien is approximately $76,000.00. (*Id*.). The claims register reflects that SHOA has filed a secured claim in the amount of $80,406.67. (*See* Proof of Claim No. 5-1). In either event, the Debtor argues that there is a substantial equity cushion in the property and that SHOA's security interest is not at risk of diminution. (*Id*.).

On May 5, 2026, SHOA filed the Response. (Dkt. No. 43). SHOA argues that the Supplemental Brief adds nothing new and fails to address the defects identified in the Objection. (*Id*. ¶ 1). Specifically, SHOA contends that the statutory presumption of bad faith under § 362(c)(3) may be rebutted only by "clear and convincing evidence," a burden that the Debtor has

3

failed to meet. (*Id*.). SHOA characterizes the Debtor's assertions of good faith as "conclusory" and "self-serving," unsupported by "objective, verifiable proof." (*Id*. ¶ 2). SHOA further argues that, while the existence of an equity cushion in the property may be relevant to the issue of adequate protection under § 362(d), it is irrelevant to whether the Debtor has rebutted the bad-faith presumption under § 362(c)(3). (*Id*. ¶ 8). Finally, SHOA asserts that the Debtor has not shown sufficient evidence of her efforts to refinance, given that she submitted only a refinancing application, not a commitment, term sheet, appraisal, or other concrete evidence that refinancing is likely to close. (*Id*. ¶ 10).

On May 11, 2026, the Debtor filed the Reply. (Dkt. No. 44). The Debtor represents that material changes in her financial circumstances will allow her to complete this Chapter 13 case. (*Id*.). Specifically, the Debtor asserts that she has received a salary increase, paid down substantial debt obligations, and made timely plan payments to the Chapter 13 trustee. (*Id*.). The Debtor also asserts that she has not waived any objection to the amount or nature of SHOA's claim. (*Id*.).

## III.   <u>LEGAL STANDARD</u>

Section 362(c)(3) of the Bankruptcy Code "limits the duration of the automatic stay" for certain repeat filers. *In re Williams*, 390 B.R. 780, 782 (Bankr. S.D.N.Y. 2008); *see also In re Warneck*, 336 B.R. 181, 183 (Bankr. S.D.N.Y. 2006). That section provides:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding one-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>     (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

11 U.S.C. § 362(c)(3)(A).

Notwithstanding that limitation, a court may extend the automatic stay if, "after notice and a hearing completed before the expiration of the 30-day period," the moving party demonstrates

"the filing of the later case is in good faith as to the creditors to be stayed."  *In re Bronson*, No. 17-11375 (CGM), 2017 WL 3037449, at *1 (Bankr. S.D.N.Y. July 17, 2017) (citing 11 U.S.C. § 362(c)(3)(B)).

Where a prior case had been dismissed within one year of the present filing, the later case is presumed to have been filed in bad faith.  *See* 11 U.S.C. § 362(c)(3)(C); *see also In re Kuvykin*, No. 18-10760, 2019 WL 989414, at *3 (Bankr. S.D.N.Y. Feb. 26, 2019).  When that presumption applies, the debtor must rebut it by "clear and convincing evidence to the contrary."  11 U.S.C. § 362(c)(3)(C)(i); *see also In re SPAC Recovery Co.*, 676 B.R. 708, 718 (Bankr. S.D.N.Y. 2026) (noting that "where bad faith is presumed due to repeat filing under § 362(c), the debtor must rebut that presumption by clear and convincing evidence to the contrary").

Relevant considerations for rebutting that presumption include: (1) whether there has been a substantial change in the debtor's financial or personal affairs since dismissal of the prior case, and (2) whether the record otherwise shows that the present case is likely to result in a confirmed plan that will be fully performed.  *See* 11 U.S.C. § 362(c)(3)(C)(i)(III); *see also In re Ajunwa*, No. 11-11363 (ALG), 2012 WL 3820638, at *5 (Bankr. S.D.N.Y. Sept. 4, 2012) (holding that the later-filed case is "presumptively not filed in good faith as to all creditors if inter alia there has not been a substantial change in the financial or personal affairs of the debtor since the prior dismissal").  Absent that showing, the presumption of bad faith remains unrebutted.

## IV.    ANALYSIS

### A. SUBSTANTIAL CHANGE IN CIRCUMSTANCES

The Court finds that the Debtor has shown, by clear and convincing evidence, a substantial change in circumstances since dismissal of the Prior Case.  The Prior Case was dismissed under § 521(i) for filing deficiencies.  Since commencing the present case, the Debtor has appeared and

participated in the case and attended the § 341 meeting of creditors. Although a deficiency notice was initially issued on February 24, 2026, the Debtor has since cured all deficiencies identified therein. (Dkt. No. 3). That record shows that the Debtor has addressed the procedural defects that resulted in dismissal of the Prior Case and has prosecuted this case with greater diligence.

The Debtor also represents that her financial circumstances have changed in ways that improve her ability to complete a Chapter 13 plan. In the Reply, the Debtor states that she has received a salary increase, paid down substantial debt obligations, and made timely plan payments to the Chapter 13 Trustee. (Dkt. No. 44). Those facts bear directly on the statutory inquiry because they concern both the Debtor's post-dismissal financial affairs and her ability to perform under a Chapter 13 plan.

SHOA argues that the Debtor fails to carry her burden under § 362(c)(3)(B) because her assertions are "conclusory" and unsupported by "objective, verifiable proof." (Dkt. No. 43). At this juncture, however, the Debtor need only show that there is a change in circumstances. *See In re Pezzo*, No. 15-CV-162 NSR, 2015 WL 5853862, at *4 (S.D.N.Y. Oct. 7, 2015) ("A change in circumstances is sufficient to extend the automatic stay under 11 U.S.C. § 362(c)(3)."). The relevant inquiry under § 362(c)(3) is only whether the Debtor has shown sufficient good-faith efforts to rebut the presumption that the case was filed in bad faith. *See Bronson*, 2017 WL 3037449, at *1. On this record, the Debtor has. The Prior Case was dismissed for filing deficiencies; the present case has proceeded beyond that point. The Debtor has cured the deficiencies identified in this case, appeared at the required proceedings, and proffered evidence of increased income, reduced debt, and plan payments. Taken together, those facts constitute a substantial change in circumstances sufficient to rebut the statutory presumption.

6

The Court also considers that the Debtor is proceeding *pro se*. Although a debtor's *pro se* status does not excuse compliance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, courts construe *pro se* filings liberally and "interpret [*pro se* motions] to raise the strongest arguments that they suggest." *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006); *see also United States v. Miller*, No. 12-CR-368-PAC, 2021 WL 2716205, at *2 (S.D.N.Y. July 1, 2021) ("Courts must construe *pro se* filings liberally."). Viewed through that lens, the Debtor's filings show a good-faith effort to move the present case toward confirmation.

Accordingly, the Court finds that the Debtor has demonstrated a substantial change in circumstances since dismissal of the Prior Case.

### B. LIKELIHOOD TO RESULT IN PLAN CONFIRMATION

The Court also finds that the Debtor has made a sufficient showing that this case is likely to result in confirmation and performance of a Chapter 13 plan. SHOA argues that the Debtor's proposed plan is facially infeasible because the schedules reflect monthly net income of $851.00, while the plan proposes monthly payments of $1,450.00 for 60 months. (Dkt. No. 17). SHOA further argues that the Debtor's refinancing evidence is insufficient because she has submitted only an application, not a commitment, term sheet, appraisal, or other binding proof that refinancing will close. (Dkt. No. 43).

While those objections may be raised at confirmation, they do not defeat the Motion at this stage. The stay-extension inquiry under § 362(c)(3) is not the same as plan confirmation under § 1325. At this stage, the Debtor need not prove that confirmation is certain, that refinancing will close, or that every confirmation issue has already been resolved. *See Bronson*, 2017 WL 3037449, at *1. Rather, the Debtor need only show that the present case was filed in "good faith as to the creditors to be stayed" and that the case has a reasonable prospect of resulting in a "confirmed and

fully performed plan." *Morillo v. Wells Fargo Bank, N.A.*, No. 19-CV-08183 (PMH), 2020 WL 2539068, at *3 (S.D.N.Y. May 19, 2020) (quoting 11 U.S.C. § 362(c)(3)(B)); *see also Bronson*, 2017 WL 3037449, at *1 (quoting 11 U.S.C. § 362(c)(3)(C)(i)(III)); *cf. In re Eletson Holdings Inc.*, 664 B.R. 569, 638 (Bankr. S.D.N.Y. 2024) ("In making determinations as to feasibility ... a bankruptcy court does not need to know to a certainty, or even a substantial probability, that the plan will succeed, ... [a]ll it needs to know is that the plan has a reasonable likelihood of success.").

The Debtor has made that showing. She represents that she is pursuing refinancing to address the feasibility issue raised by SHOA and has submitted a refinancing application in support. (Dkt. No. 40, Ex. C). She further represents that she has received a salary increase, paid down substantial debt obligations, and made timely plan payments to the Trustee. (Dkt. No. 44). The Debtor has also asserted that the property has an estimated value of $479,000.00, while SHOA's secured claim is approximately $80,406.67 according to the claims register. Although SHOA disputes the legal relevance of that equity cushion under § 362(c)(3), the existence of substantial equity bears on whether SHOA's secured position is at immediate risk and whether the Debtor has a plausible path to reorganization.

The limited nature of the requested relief also weighs in favor of extending the stay. The Debtor does not seek confirmation of a plan by this Motion, nor does she seek a determination of the amount or validity of SHOA's claim. She seeks only continuation of the automatic stay so that this Chapter 13 case may proceed in the ordinary course. SHOA remains free to object to confirmation, challenge feasibility, seek stay relief if, for example, adequate protection becomes lacking, and assert its rights with respect to the amount and status of its claim. Extending the stay merely preserves the status quo; it does not adjudicate those issues in the Debtor's favor. *See In re Driscoll*, 223 B.R. 665, 668 (Bankr. D. Vt. 1998) ("One essential purpose of the automatic stay

8

is to preserve the status quo in a bankruptcy context."); *see also United States v. Sayres*, 43 B.R. 437, 439 (W.D.N.Y. 1984) (noting that the "intended effect" of the automatic stay "is to preserve the status quo as of the date of commencement of the bankruptcy proceedings").

On this record, the Court finds that the Debtor has shown a substantial change in circumstances and a reasonable likelihood that this case may result in a confirmed and fully performed Chapter 13 plan.  The Debtor has therefore rebutted the presumption of bad faith under § 362(c)(3) by clear and convincing evidence.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that the Debtor has rebutted, by clear and convincing evidence, the presumption under 11 U.S.C. § 362(c)(3)(A) that the present case was filed in bad faith.  The Court therefore concludes that extension of the automatic stay is warranted under 11 U.S.C. § 362(c)(3)(B).

Accordingly, the Motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated: May 14, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

9